| | | |
|---|---|---|
| Jerry T. Sanders; Thomas J. Dalton; | ) | C/A No. 0:10-1399-JFA-PJG |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | Order |
| | ) | |
| Sheriff Kenny Boone; Major J. Norris; | ) | |
| Capt. J.W. Brunson; Maria B., Mailroom Employee, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by two *pro se* plaintiffs.[1]  The plaintiffs are confined in the Florence County Detention Center, and the complaint challenges conditions of the plaintiffs' confinement.

Because the plaintiffs are prisoners, the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 194-134, §§ 801-810, 110 Stat. 1321 (1995), applies to this case.  The screening provision of 28 U.S.C. § 1915A(a) requires review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and allows for *sua sponte* dismissal in specified circumstances.  The PLRA placed "some rather substantial limitations on a prisoner's ability to initiate a civil action." *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006).

Upon review, and in applying provisions of the PLRA to this case, the question of whether multiple plaintiffs can proceed in a single case under the PLRA arises.  The PLRA requires prisoners to pay the full filing fee, although the fee may be paid in installments.  28 U.S.C. § 1915(b); *Green v. Young* at  407.  Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA. The Fourth Circuit has not addressed the issue of payment of fees in a case filed by multiple plaintiffs subject to the PLRA.  Finding no binding precedent, this Court is persuaded by the reasoning of the Eleventh Circuit in *Hubbard v. Haley,* 262 F.3d 1194, 1197-98 (11th Cir. 2001), which found that it was appropriate to sever the claims and require each prisoner to file separate lawsuits.

Additionally, each plaintiff's claims are unique to the particular plaintiff.  Although general

_____

[1]  Two names appear as plaintiffs on the complaint, and both signed the complaint. However, only one plaintiff, Jerry T. Sanders, filed a motion to proceed *in forma pauperis*.  The plaintiffs are cautioned that a "lead" plaintiff cannot "represent" the second plaintiff or any other prisoners.  *See Laird v. Tatum*, 408 U.S. 1 (1972);  *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Cf. Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

prison conditions may be substantially the same, different factual situations exist for how the general conditions apply to an individual plaintiff in relation to a claim. Each plaintiff must comply with the exhaustion requirement of 42 U.S.C. § 1997e. Each plaintiff will have different injuries or damages unique to the plaintiff. As a result, each plaintiff's claims will require individualized determinations.

**Accordingly, the Clerk of Court is directed to assign a separate civil action number to Thomas J. Dalton, listed as the second plaintiff on the docket.** When assigning the civil action number to the new case, the Clerk of Court shall give assignment credit for the new case. The defendants in the new case will be the same defendants on the docket of this case. The Clerk of Court is directed to re-file the complaint from this case in the new case and to process the new case as a prisoner civil rights case. The initial document entries on the docket in the new case will be this order and the complaint in this case. The Clerk of Court shall terminate Thomas J. Dalton as a plaintiff in this case. Jerry T. Sanders will, thereby, become the sole plaintiff in the above-captioned case, and Thomas J. Dalton will be the sole plaintiff in the newly created case.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

June 18, 2010
Columbia, South Carolina