IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry T. Sanders, ) | C/A No. 0:10-1399-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Sheriff Kenny Boone; Major J. Norris; Capt. ) | |
| J.W. Brunson; Maria B., *Mailroom Employee*; ) | |
| State of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

      The plaintiff, Jerry T. Sanders ("Sanders"), a self-represented former pretrial detainee, brought this action seeking relief pursuant to 42 U.S.C. § 1983. On December 15, 2010, a motion for summary judgment was filed by Defendants Boone, Norris, Brunson, and Maria B. (ECF No. 49.) By order of this court filed December 16, 2010 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 50.) Sanders filed a response in opposition to the defendants' motion (ECF No. 54), the defendants replied (ECF No. 59). On February 11, 2011, Defendant State of South Carolina filed a motion to dismiss. (ECF No. 61.) Sanders was again advised pursuant to Roseboro of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 62.) Sanders filed a response in opposition to the defendant's motion. (ECF No. 65.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motions should be granted.

**BACKGROUND**

Sanders's Amended Complaint alleges that the defendants interfered with his mail while Sanders was detained at the Florence County Detention Center ("FCDC"). Specifically, Sanders alleges that twelve personal letters that he mailed out were returned to FCDC as undeliverable. Sanders also alleges that he was denied access to the grievance system at FCDC. (See generally Am. Compl., ECF No. 38.)

**DISCUSSION**

A.   **State of South Carolina**

   1.   **Motion to Dismiss Standards**

The defendants have moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.



Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 129 S. Ct. at 1953 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### 2. Discussion

To the extent that Sanders seeks damages against the State of South Carolina in this matter, the State is immune from suit pursuant to the Eleventh Amendment to the United States Constitution, which states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. art. XI.  Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State."  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain



actions against state agents and state instrumentalities."); Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances."). Moreover, the United States Supreme Court has stated that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will, 491 U.S. at 66; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Any claim of negligence against the State is similarly barred from adjudication in this court. See id. ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in Federal Court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."). Accordingly, the State of South Carolina should be dismissed from this action.

**B.    Remaining Defendants**

    **1.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible



evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**2.    Sanders's Claims**

As an initial matter, the individual defendants are entitled to sovereign immunity regarding any claims for damages asserted against them in their official capacities. Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities). As arms of the state, they are not "persons" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").

Moreover, Defendants Boone, Norris, and Brunson, are entitled to judgment as a matter of law because Sanders has made no factual assertions alleging that they personally participated in any



violation of his constitutional rights. Sanders's general allegations that they are responsible for FCDC's policy and failed to supervise Defendant Maria B. are insufficient to state a plausible claim against them. The doctrine of respondeat superior cannot support liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). Mere knowledge is not sufficient to establish personal participation. Id. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 1949. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 1957 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the Amended Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Because Sanders has made no allegation of any personal involvement by Defendants Boone, Norris, and Brunson, his claims against those defendants fail.

Further, the court observes that Sanders does not allege that any of his legal mail was mishandled; Sanders's claims focus on twelve personal letters. While inspecting a prisoner's legal



mail may implicate an inmate's constitutional rights, the mere opening of an inmate's incoming personal mail in his absence does not independently state a constitutional claim. See Altizer v. Deeds, 191 F.3d 540 (4th Cir. 1999); Stover v. Powers, C/A No. 8:07-2998-RBH, 2008 WL 2690234 (D.S.C. June 30, 2008). Sanders has failed to point to any FCDC regulation or policy that impinges on any constitutional right that he may have to receive or send mail. Cf. Altizer, 191 F.3d 540 (discussing the standards that apply when review a prison's mail regulations). Rather, Sanders's Amended Complaint appears to allege that his claims arise out of the defendants' negligent handling of his mail. (See Am. Compl. ¶ 33, ECF No. 38 at 6.) However, negligent acts by prison officials are insufficient to state a constitutional claim. See Pink v. Lester, 52 F.3d 73, 75-76 (4th Cir. 1995) (citing Daniels v. Williams, 474 U.S. 327 (1986)).

### 3. Other Allegations

To the extent that Sanders alleges a constitutional claim based upon alleged deficiencies in the grievance process at FCDC, such a claim fails as a matter of law as prisoners have no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994). Further, with regard to Sanders's claims that the defendants violated the South Carolina Tort Claims Act, the court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

**RECOMMENDATION**

Accordingly, the court recommends that the defendants' motions to dismiss and for summary judgment (ECF Nos. 49 & 61) be granted. In light of this recommendation, Sanders's motion should be denied. (ECF No. 33.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 1, 2011
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).